UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA LYNNE FOWLER, | Case No. 2:21-cv-00578-KJM-JDP (PS) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| RICK COLE, CATHY COLE, | ECF No. 2 |
| Defendants. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS |
| | ECF No. 1 |

Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. She has submitted the affidavit required thereunder showing that she is unable either to prepay fees and costs or to give security for them. ECF No. 2. The court will therefore grant plaintiff's motion to proceed *in forma pauperis*. However, I find that plaintiff's complaint is frivolous and recommend that it be dismissed without leave to amend.

As required by 28 U.S.C. § 1915(e)(2), the court has screened plaintiff's complaint to ensure that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive screening, a plaintiff's claims must be facially plausible, which means that they must contain enough factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  During the screening process, a plaintiff's allegations are taken as true, but the court is "not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The sheer possibility that a defendant acted unlawfully is not enough. *Ashcroft*, 556 U.S. at 678.  While courts must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction.  A federal court may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.[1] *Baker v. Carr*, 369 U.S. 186, 198 (1962).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78.

Plaintiff's complaint consists of extravagant allegations accusing the two defendants of engaging in a lengthy campaign of rape, torture, and spying.  Plaintiff alleges, for example, that defendants have entered her home at night, drugged her, and raped her.  ECF No. 1 at 4.  She also claims that defendants have used surveillance equipment—including "high powered surveillance cameras" and "heat imaging photography equipment"—to spy on her, and that defendants have

---

[1] To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  According to plaintiff's complaint, all parties reside in Sacramento County, California.  Plaintiff has not established diversity jurisdiction.

2

used "mind control drugs" and have poisoned plaintiff's food and water. *Id*. Plaintiff appears to claim that she has been subjected to these acts since her birth. *Id*. at 4-5.

Aside from plaintiff's failure to assert a specific claim against defendants, her complaint is frivolous because it lacks even "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or "delusional"). Consequently, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. plaintiff's complaint, ECF No. 1, be dismissed without leave to amend; and

2. the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE